Thompson, J‘.
delivered the opinion of the court.— The only question in dispute between the parties is, whether there was a valid and binding acceptance of the abandonment made tot be underwriters. To determine this point, recurrence must be had, in the first place, to-the act incorporating the Marine Insurance Company, in order to ascertain who were empowered to- accept an abandonment, and adjust the loss. It will there be-found, that the authority of the president and assistants-' extends to making insurances,, subscribing policies, fixing premiums, and taking notes-for the- same ; but, that no money or losses shall be paid, unless with the approbation of at least four of the directors, with the president find his assistants,, or a majority of them, having first made a board for that purposewhich board, by a plurality of voices, may pay, settle and adjust all such-losses, or other moneyed transactions as may come before them, and the same shall be binding oh the corporation. The defendants being a body corporate, the general and invariable- rule is,, that such body can act only in the mode prescribed, by the law creating it. To enable its agents to bind the company, they must act pursuant to the requisites of the incorporating act. 2 Cranch, 166. It only remains to inquire, whether in the present case, the abandonment was accepted by the authorized agents of the company. I think it was. not. No- part of the ease will warrant an inference that any of the directors were present, at the time of the alleged acceptance. When the plaintiff’s- agent called to know the determination of the company, in relation to the payment of the loss, he says, the secretary went into- the-room where the president and assistants- were convened, and the answer re *115 turned was, that the president and assistants had agreed to ■L o pay a total loss; but no mention is made of any of the directors being present, or assenting to it. When the testimony is positive, as to the persons by whom the acceptance was made, there is no room left for presumption ; if any of the directors were present, so as to make the act binding on the company, the plaintiff ought to have •shown it affirmatively. We are of opinion, therefore, that the acceptance not having been made by the agents constituted by the act of incorporation, cannot be binding on the company. The plaintiff must have judgment for the amount of the partial loss only; which, according to the finding of the jury, as stated in the case, is 415 dollars and 75 cents, (a)
Judgment for the plaintiff.

 Corporations may be bound by a promissory note without a special clause in the act. of incorporation, giving- them power to’issue notes such as are found in bank charters. Mot v. Hicks, 1 Cow. 513.May it not be presumed in the above case that the presidents and assistants in the office of the company were the four directors according to the statute, or the agents of all’the directors ? and a corporation may make an agent, in the same manner as.an individual. Perkins v. the Washington Ins.. Co. 4 Cow. 645.